# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION
# CIVIL ACTION NO. 1:23-CV-00166-HBB

**SIERRA H.**[1]                                                                                                                **PLAINTIFF**

**VS.**

**MARTIN O'MALLEY, COMMISSIONER**
**SOCIAL SECURITY**[2]                                                     **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

### I.  BACKGROUND

Before the Court is the Complaint (DN 1) of Sierra H.("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g).  Both the Plaintiff (DN 13) and Defendant (DN 15) have filed a Fact and Law Summary.  Plaintiff filed a reply (DN 16). For the reasons that follow, the final decision of the Commissioner is **AFFIRMED**.

Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 10).  By Order entered January 31, 2024 (DN 11), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted.  No such request was filed.

---

[1] Pursuant to General Order 22-05, Plaintiff's name in this matter was shortened to first name and last initial.
[2] Martin O'Malley became the Commissioner of Social Security on December 20, 2023.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin O'Malley is substituted as the defendant in this suit.

## II. FINDINGS OF FACT

On April 7, 2021, Plaintiff filed an application for Supplemental Security Income (Tr. 17, 180). Plaintiff alleged that she became disabled on September 16, 2020, as a result of mild left ventricle heart failure, POTS, schizophrenia, Graves disease, Addison's disease, and arachnoid cyst on her left temporal lobe (Tr. 17, 61, 70). The application was denied initially on September 24, 2021, and upon reconsideration on November 17, 2021 (Tr. 69, 77).[3] On December 6, 2021, Plaintiff filed a written request for a hearing (Tr. 17, 89).

Administrative Law Judge Neil Morholt ("ALJ") conducted a video hearing due to the circumstances presented by the COVID-19 pandemic (Tr. 17, 33). Plaintiff and her counsel, Jesse R. Poag, participated at the hearing, as did an impartial vocational expert, Rebecca Williams (*Id.*).

In a decision dated December 27, 2022, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 17-28). At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since April 7, 2021, the application date (Tr. 19). At the second step, the ALJ determined that Plaintiff has the following severe impairments: history of congestive heart failure and hypothyroidism (Grave's Disease) (*Id.*). The ALJ also determined that Plaintiff has the following non-severe impairments: depressive disorder, schizophrenia, migraines, dysplasia, aphthous stomatitis, anemia, hiatal hernia, history of POTS, and pituitary microadenoma (*Id.*). At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 21).

---

3 The ALJ indicates the application was denied upon reconsideration on November 18, 2021 (Tr. 17). As the Disability Determination and Transmittal form indicates November 17, 2021 (Tr. 77), the undersigned has used that date.

At step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. 416.967(c) except for occasional climbing ladders, ropes, and scaffolds, and she can be frequently exposed to extreme cold, extreme heat, and unprotected heights (Tr. 21). Additionally, the ALJ determined that Plaintiff does not have past relevant work (Tr. 26).

The ALJ proceeded to the fifth step where he considered Plaintiff's RFC, age, education, and past work experience as well as testimony from the vocational expert (Tr. 27). The ALJ found that Plaintiff is capable of performing a significant number of jobs that exist in the national economy (*Id.*). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from April 7, 2021, through the date of the decision (*Id.*).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 7-8, 160-65). The Appeals Council denied Plaintiff's request for review (Tr. 1-3).

### III. CONCLUSIONS OF LAW

#### A. Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); *Cotton v. Sullivan*, 2 F.3d 692, 695 (6th Cir. 1993); *Wyatt v. Sec'y of Health & Hum. Servs.*, 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. *Landsaw v. Sec'y of Health & Hum. Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Cotton*, 2 F.3d at 695 (quoting *Casey v. Sec'y of Health & Hum. Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence,

nor decide questions of credibility." *Cohen v. Sec'y of Health & Hum. Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-4). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the ALJ's decision and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996); *Cotton*, 2 F.3d at 695-96.

B. The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. § 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as the inability

> to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.

42 U.S.C. § 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §416.905(a); *Barnhart v. Walton*, 535 U.S. 212, 214 (2002); *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. *See* "Evaluation of disability in general," 20 C.F.R. § 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the

>   > duration requirement and significantly limits his or her ability to do basic work activities?
>
>   3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?
>
>   4) Does the claimant have the RFC to return to his or her past relevant work?
>
>   5) Does the claimant's RFC, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

20 C.F.R. § 416.920(a)(4)(i)-(v). Here, the ALJ denied Plaintiff's claim at the fifth step.

   *1. Arguments of the Parties*

Plaintiff contends the RFC finding is deficient because the ALJ failed to properly evaluate the opinion of Dr. Dennis, the consultative examiner (DN 13 PageID # 1102). Plaintiff argues the ALJ mischaracterized Dr. Dennis' opinion and applied his own lay opinion when finding the opinion was generally persuasive (*Id.* at PageID # 1103). Defendant counters that the ALJ's decision is supported by substantial evidence as the ALJ properly consider Dr. Dennis' opinion in light of the overall record and, further that the ALJ did not mischaracterize the opinion (DN 15 PageID #1116-22). Plaintiff's reply reiterates her initial arguments (DN 16).

   *2. Discussion*

The new regulations for evaluating medical opinions and prior administrative medical findings are applicable to Plaintiff's case because she filed her application after March 27, 2017 (Tr. 11, 479). See 20 C.F.R. §§ 404.1520c, 416.920c. Refer to 20 C.F.R §§ 404.1502(a)(1)-(8) and 416.902(a)(1)-(8) for the list of "acceptable medical sources."

The new regulations explicitly indicate "[w]e will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical

5

finding(s)," in the record, even if it comes from a treating medical source. 20 C.F.R. § 416.920c(a). Instead, Administrative Law Judges will now evaluate the "persuasiveness" of medical opinions and prior administrative medical findings by utilizing the five factors listed in paragraphs (c)(1) through (c)(5) of the regulation. 20 C.F.R. § 416.920c(a) and (b). The five factors are supportability, consistency, relationship with the claimant, specialization, and other factors. 20 C.F.R. § 416.920c(c)(1)-(5). Of these five factors, the two most important are supportability and consistency. 20 C.F.R. § 416.920c(a) and (b)(2). Further, the regulation requires Administrative Law Judges to explain how they considered the supportability and consistency factors in determining the persuasiveness of the medical source's opinion. 20 C.F.R. § 416.920c(b)(2). The regulations define "supportability" as: "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 416.920c(c)(1). The regulations define "consistency" as: "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 416.920c(c)(2).

The ALJ discussed Dr. Dennis' opinion with the following:

> In September 2021, the claimant underwent an independent consultative psychological evaluation performed by Dr. Dennis. The claimant acknowledged performing normal activities of daily living, including cleaning, caring for her minor children, attending to her personal hygiene needs, and socializing with others. During testing the claimant demonstrated normal findings (i.e. steady gait, friendly affect, appropriately dressed, appropriately groomed, no speech difficulties, full orientation, clear sensorium, no indications of a psychotic process,

6

> intact/adequate recent memory, intact/adequate remote memory, adequate fund of knowledge, intact judgement, etc.).  Given these findings, Dr. Dennis opined that the claimant probably has mild difficulties understanding and remembering one and two stage instructions, and sustaining attention to complete tasks, as well as she has mild to moderate limitations in social interaction, and in her overall capacity to adapt to pressures or normal daily work activity. (Exhibit 4F)
>
> The undersigned has considered the assessment and opinion of Dr. Dennis in accordance with the Regulations.  The undersigned notes that Dr. Dennis's normal findings and his opinion indicating essentially only mild limitations, and possibly mild to moderate limitations given her subjective complaints, appears consistent with records and reports obtained from the claimant's treating providers and with the evidence as a whole, as documented by the unremarkable findings found upon testing (i.e. alert, normal behavior, appropriate and normal mood, normal and friendly affect, normal thought content, appropriately dressed, appropriately groomed, no speech difficulties, full orientation, clear sensorium, no indications of a psychotic process, intact/adequate recent memory, intact/adequate remote memory, adequate fund of knowledge, intact or normal judgement, answers questions appropriately, good attention and concentration, unremarkable thought process, appropriate thought content, unremarkable perception, intact functional status, etc.) (Exhibit 3F, 4F, and 7F through 12F).  Therefore, the undersigned finds Dr. Dennis's opinion generally persuasive, but notes that given the consistent normal findings found upon testing, the claimant has clearly experienced at most mild limitations in her mental functioning.

(Tr. 23-24).  Here, the ALJ failed to provide a supportability analysis regarding the persuasiveness of Dr. Dennis' opinion.  "While the ALJ is not required to articulate how he considered every opinion, he must still provide some analysis using *at least* the consistency and supportability factors."  *Eckert v. O'Malley*, No. 5:22-CV-00316-MAS, 2024 WL 841765, at *5 (E.D. Ky. Feb. 28, 2024).  Without discussing supportability, the Court is unable to undertake a meaningful review of how the opinion is generally persuasive regarding her mild limitations in mild functioning.  *Terhune v. Kijakazi*, No. CV 3:21-37-KKC, 2022 WL 2910002, at *3 (E.D. Ky. July 22, 2022) ("[t]he measuring stick for an 'adequate discussion' is whether the ALJ's persuasiveness explanation enables the court to undertake a meaningful review of his findings as to whether the particular medical opinion was supported by substantial evidence.").  However,

the Court must next decide whether the failure to properly conduct the supportability analysis is harmless error. Sixth Circuit district courts have determined that an ALJ's failure to explain his consideration of the supportability and consistency factors of a medical opinion can only be deemed harmless error in three instances: (1) the medical opinion is patently deficient; (2) the ALJ adopted the medical opinion or made findings consistent with the opinion; or (3) the goal of the regulation was otherwise met. *Jada H. v. Kijakazi*, No. 3:22-CV-00520-CRS, 2023 WL 10325777, at *4 (W.D. Ky. Nov. 28, 2023) (quoting *Lorraine R. v. Comm'r of Soc. Sec.*, No. 3:20-cv-00396, 2022 WL 4232839, at *5 (S.D. Ohio Sept. 14, 2022)).

Here, the Court is concerned with only the third requirement for finding harmless error. Under this requirement, the Court is reviewing the ALJ's decision to determine whether the ALJ met the goal of § 416.920c(b)(2) even though he has not complied with the terms of the regulation. The ALJ met the goal of § 416.920c(b)(2) even though he did not explicitly comply with the terms of the regulation. *See Vaugh v. Comm'r of Soc. Sec.*, No. 20-CV-1119-TMP, 2021 WL 3056108, at *12 (W.D. Tenn. July 20, 2021) (explaining that because the ALJ's decision on the whole gave the court a logical understanding of why the ALJ believed the opinion lacked record support, the regulation's goal for the ALJ to "provide a coherent explanation of his or [her] reasoning" as to how persuasive a physician opinion is satisfied). The ALJ conducted a holistic review of the medical evidence of record, demonstrated by his discussion of the other medical evidence when finding Dr. Dennis' opinion was generally persuasive (Tr. 23-24) (citing Exs. 34, 7F, 8F, 9F, 10F, 11F, 12F). A close reading of the ALJ's discussion shows he considered the findings Dr. Dennis made in his opinion before the ALJ determined that an only mild limitations were applicable. Additionally, the ALJ discussed Dr. Dennis' opinion at step two, when finding Plaintiff did not have any severe mental impairments. As a part of this discussion the ALJ highlighted the broad

functional areas of mental functioning, better known as the paragraph "B" criteria : (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself (Tr. 20). *See* 20 C.F.R. § 416.920a(c)(3). The ALJ found that Plaintiff only had a mild limitation in all four categories, citing to Dr. Dennis' consultative opinion and other medical exhibits of the record—i.e., office treatment notes, inpatient hospital records, psychotherapy treatment notes (*Id.*). Thus, the undersigned finds the ALJ's failure to address Dr. Dennis' opinion's supportability is harmless error.

Lastly, Plaintiff mainly argues that the ALJ mischaracterize Dr. Dennis' opinion and substituted his own lay opinion (DN 13 PageID # 1103). Plaintiff asserts that the ALJ incorrectly indicated that his opinion was based on Plaintiff's subjective complaints instead of the examinations Dr. Dennis performed (*Id.*). The undersigned finds this argument unpersuasive for two reasons: (1) the ALJ explicitly references that Dr. Dennis performed testing, and (2) the ALJ accurately described Dr. Dennis' consultative opinion, which consisted both of a summary of Plaintiff's subjective complaints and the results of testing performed (Ex. 4F). Further, Dr. Dennis opined:

> She probably can understand and remember one and two stage instructions with mild difficulty. Her capacity to sustain attention to complete tasks is mildly limited. Social interaction was generally mildly to moderately limited. Her overall capacity to adapt to pressure of normal daily work activity is probably mildly to moderately limited at this time.

(Ex 4F Tr. 651). The above limitations were correctly summarized by the ALJ when finding Dr. Dennis' opinion was generally persuasive. The ALJ's treatment of Dr. Dennis' opinion is supported by substantial evidence and the ALJ did not apply his own lay opinion. The ALJ did not mischaracterize Dr. Dennis' consultative opinion and a holistic review of the ALJ's decision

9

demonstrates that the ALJ's decision is supported by substantial evidence, thus the ALJ's RFC finding is supported by substantial evidence.

### C. Conclusion

As the Court noted previously, "[a]s long as substantial evidence supports the Commissioner's decision, we must defer to it, even if there is substantial evidence in the record that would have supported an opposite conclusion . . ." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (cleaned up). Regardless of how this Court may view the evidence, it is not this Court's place to re-try or re-evaluate the findings of the ALJ. 42 U.S.C. § 405(g). Rather, this Court is only to find if substantial evidence exists to support the ALJ's decision and if the ALJ followed the applicable law. *Id.* After reviewing the record, the Court concludes that the ALJ's determination is supported by substantial evidence in the record and correctly followed the applicable law. Therefore, Plaintiff is not entitled to relief with regard to her challenge.

### IV. ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED**.

August 16, 2024

H. Brent Brennenstuhl
United States Magistrate Judge

Copies:    Counsel